IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION**, § § Plaintiff, § § v. § § **TITAN WEALTH MANAGEMENT, LLC**, § **POINT WEST PARTNERS, LLC**, § **THOMAS LESTER IRBY II**, § § Defendants, § and § § **DAVID ROMANOW**, § **KAREN BOWIE**, § **FRANCE MICHAUD**, § **JOHN J. KIM**, and § **PEGASUS HOLDINGS GROUP, INC.**, § § Relief Defendants. § § | Civil Action No.: 4:09-CV-0418-RC-ALM |

**NUNC PRO TUNC FINAL JUDGMENT
AS TO DEFENDANTS TITAN WEALTH MANAGEMENT, LLC,
POINT WEST PARTNERS, LLC, AND THOMAS LESTER IRBY, II**

Plaintiff Securities and Exchange Commission has filed its motion for entry of a Final Judgment against Defendants Titan Wealth Management, LLC ("Titan"), Point West Partners LLC ("PWP"), Thomas Lester Irby, II ("Irby") (collectively "Defendants") [Doc. #140]. On September 10, 2009, the Court entered an Agreed Permanent Injunction against Defendants. The Agreed Permanent Injunction was accompanied by a signed Consent from Defendants.

Now, having considered the motion, the Court is of the opinion that it is well founded and should be granted.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

I.

Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F. R. §240.10b-5], by using any means or instrumentality of interstate commerce, of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    A.    to employ any device, scheme or artifice to defraud;

    B.    to make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

II.

Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    A.    to employ any device, scheme or artifice to defraud;

  B. to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  C. to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

Defendants Irby and Titan and their agents, servants, employees, attorneys, and all other persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Sections 206(1) or 206(2) [15 U.S.C. § 80b – 6(1), (2)] of the Investment Advisers Act of 1940 ("Advisers Act") in connection with advising clients, by making use of any means or instrumentality of interstate commerce to

  A. employ devices, schemes or artifices to defraud clients or prospective clients; or

  B. engage in transactions, practices and courses of business which operated as a fraud or deceit upon clients and prospective clients.

### IV.

Defendants are jointly and severally liable for disgorgement of $3,449,398.56, representing ill-gotten gains as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $643,037.78, and a third-tier civil penalty in the amount of $3,449,398.56 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)], and, in the case of Irby and

Titan, Section 209(e)(2) of the Investment Advisers Act [15 U.S.C. § 80b-9]. Defendant shall satisfy this obligation by paying $7,541,834.90 within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment(s) shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying the paying Defendant's name as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

V.

Defendants' Consent is incorporated herein with the same force and effect as if fully set forth herein, and Defendants shall comply with all of the undertakings and agreements set forth therein.

VI.

This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

So **ORDERED** and **SIGNED** this **16** day of **July, 2012.**

_____
Ron Clark, United States District Judge